UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

TYRONE L. SMITH,

    Plaintiff,

v.                                         Case No. 4:22-cv-411-MW-MJF

RON DESANTIS, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Tyrone L. Smith (DC# J00082), has filed an amended civil rights complaint under 42 U.S.C. § 1983, and a motion for leave to proceed *in forma pauperis*. Docs. 6, 7. The undersigned recommends that Plaintiff's motion for leave to proceed *in forma pauperis* be denied and that this case be dismissed under 28 U.S.C. § 1915(g).[1]

### I. ALLEGATIONS OF PLAINTIFF'S AMENDED COMPLAINT

Plaintiff is an inmate of the Florida Department of Corrections currently confined at the Santa Rosa Correctional Institution. Doc. 1 at 2. Plaintiff's amended

---

[1] The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

Page 1 of 7

complaint names three Defendants: Ron DeSantis, the Governor of Florida; Merrick Garland, the Attorney General of the United States; and Joe Biden, the President of the United States. *Id*. at 1-3. Plaintiff alleges that he is a person with a mental disability who received Social Security Disability Insurance benefits prior to his incarceration. *Id*. at 5. Plaintiff details his arrest in 2003, his questioning by police, and his criminal prosecution and conviction. *Id*. at 5-6.

Plaintiff claims that he is being falsely imprisoned and that over the past several years he has urged each Defendant to "intervene" and "investigate" his case, but they have refused. *Id*. at 5-7. Plaintiff also asserts that, on November 28, 2022, unnamed prison officials took his legal and personal property. *Id*. at 5. Plaintiff seeks $300,000.00 in damages and injunctive relief in the form of an "emergency transfer order to Public Mental Health Holding Facility until resolution of false imprisonment issues." *Id*. at 7.

## II. Discussion

Title 28 U.S.C. § 1915(g) prohibits a prisoner from proceeding *in forma pauperis* if the prisoner previously filed three or more actions that were dismissed for frivolity, maliciousness, or for failure to state a claim. The statute provides in relevant part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or

> detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and failure to do so warrants dismissal of his case without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that an action must be dismissed without prejudice when an inmate who is subject to § 1915(g) does not pay the filing fee at the time he initiates suit). The only exception is if the prisoner alleges that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004).

A.      **Plaintiff Has Accrued Three "Strikes" Under 28 U.S.C. § 1915(g)**

Since at least 2015, judges in the Northern District of Florida have recognized that Plaintiff has incurred at least three strikes:

- *Smith v. Berch*, No. 3:15-cv-236-LC-CJK (N.D. Fla. June 3, 2015) (dismissing action under § 1915(g) and identifying three prior civil actions Plaintiff filed in the Northern District that were dismissed as malicious), *report and recommendation adopted* (N.D. Fla. July 7, 2015).

- *Smith v. Berch*, No. 3:15-cv-156-MCR-CJK, 2015 WL 2372930 (N.D. Fla. May 18, 2015) (dismissing as malicious § 1983 civil rights action Plaintiff filed while incarcerated).

- *Smith v. Berch*, No. 3:15-cv-97-LC-CJK, Docs. 4-6, (N.D. Fla. Apr. 28, 2015) (dismissing as malicious § 1983 civil rights action Plaintiff filed while incarcerated).

- *Smith v. Berch*, No. 3:14-cv-39-LC-CJK, 2014 WL 537557 (N.D. Fla. Feb. 11, 2014) (dismissing as malicious § 1983 civil rights action Plaintiff filed while incarcerated).[2]

Because Plaintiff has incurred at least three strikes, he may not litigate this case *in forma pauperis* unless he demonstrates that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

### B. Plaintiff Fails to Satisfy the Imminent-Danger Exception of § 1915(g)

To satisfy the "imminent danger" exception, a plaintiff "must show he is in imminent danger 'at the time that he seeks to file his suit in district court.'" *Daker v. Ward*, 999 F.3d 1300, 1310-11 (11th Cir. 2021) (quoting *Medberry v. Butler*, 185 F.3d 1189, 1192-93 (11th Cir. 1999)). The Eleventh Circuit has provided guidance for evaluating whether § 1915(g)'s "imminent danger" exception is satisfied:

---

[2] All of these cases bear Plaintiff's Florida Department of Corrections inmate number, DC# J00082.

> In determining whether a prisoner has proved "imminent danger of serious physical injury," this Court looks to the complaint, construing it liberally and accepting its allegations as true. In so doing, the Court considers whether the prisoner's complaint, as a whole, alleges imminent danger of serious physical injury. . . . General assertions, however, are insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury.

*Daker*, 999 F.3d at 1311 (alterations, additional quotation marks, and citations omitted).

Plaintiff's allegations—that he is falsely imprisoned and that the Defendants ignored his requests to investigate his underlying criminal case—do not establish that he is in imminent danger of serious physical injury. Plaintiff does not alter this conclusion by characterizing this case as involving "extraordinary circumstances" due to his "life being in jeopardy . . . because high ranking state/federal officials are trying to evade the civil/criminal liabilities of an illegal criminal prosecution of a Federally Registered Mental Patient." Doc. 6 at 1. That general assertion fails to show that Plaintiff is in imminent danger of serious physical injury arising from the Defendants' conduct.

Additionally, Plaintiff's assertions—that he is "housed in inpatient mental health care/crisis stabilization for being suicidal" and that "prison officials were attempting to have me stabbed up by gang member inmates," Doc. 6 at 6—cannot open the door to allowing his false imprisonment claims against Governor DeSantis,

Attorney General Garland, and President Biden to proceed, because they do not relate to Plaintiff's underlying claim that the Defendants failed to exercise their "executive powers of review" to investigate his claims of false imprisonment. *Id.* at 7. *See Pettus v. Morgenthau*, 554 F.3d 293, 298 (2d Cir. 2009) ("§ 1915(g) allows a three-strikes litigant to proceed IFP only when there exists an adequate nexus between the claims he seeks to pursue and the imminent danger he alleges."); *Pinson v. United States Dep't of Just.*, 964 F.3d 65, 72 (D.C. Cir. 2020) (same); *Meyers v. Comm'r of Soc. Sec. Admin.*, 801 F. App'x 90, 96 (4th Cir. 2020) (same); *Ball v. Hummel*, 577 F. App'x 96, 98 n.1 (3d Cir. 2014) (per curiam) (same)..

Because Plaintiff is barred from proceeding *in forma pauperis* and failed to pay the filing fee at the time he initiated this lawsuit, this case should be dismissed without prejudice under 28 U.S.C. § 1915(g). *See Dupree,* 284 F.3d at 1236 ("The prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status. He must pay the filing fee at the time he *initiates* the suit.").

### III. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. Plaintiff's motion for leave to proceed *in forma pauperis*, Doc. 7, be **DENIED**, and that this action be **DISMISSED**, pursuant to 28 U.S.C. § 1915(g), without prejudice to Plaintiff's initiating a new cause of action accompanied by payment of the $402.00 filing and administrative fees.

2. The clerk of court close this case file.

At Panama City, Florida, this 9th day of December, 2022.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**